UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, | ) | |
| Secretary of Labor, | ) | CIVIL FILE NO. |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTICO FOODS, LLC, and | ) | |
| GIOVANNI DIPALMA, an individual; | ) | |
| | ) | **C O M P L A I N T** |
| | ) | **(Injunctive Relief Sought)** |
| Defendants. | ) | |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendants Antico Foods, LLC and Giovanni DiPalma (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of § 15 of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A. Defendant Antico Foods, LLC, doing business as Gio's Chicken Amalfitano, Antico's Pizza Napoletana, Bottega Luisa, Caffe Gio, and Bar Amalfi, at all times

hereinafter mentioned, has been a corporation having places of business and doing business in Georgia, with its principal place of business in Atlanta, Georgia.

  B. Defendant Giovanni Dipalma, an individual doing business in Atlanta, Georgia, at all times hereinafter mentioned, has been the Owner of Antico Foods, LLC, and has acted directly or indirectly in its interest in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

  At all times hereinafter mentioned:

  A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

  B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

  Since February 5, 2013, Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40

hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

V

Since February 5, 2013, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VI

Since July 9, 2014, Defendants violated § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by unlawfully discriminating against employees, in that Defendants intimidated, terminated, and threatened to terminate employees of the Company and threatened to call immigration authorities concerning employees believed to have cooperated in the Department of Labor investigation and for otherwise exercising rights protected under the Act.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A. Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 15(a)(2), 15(a)(3) and 15(a)(5) of the Act;

B. Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages since February 5, 2013, and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

   C. And for such other and further relief as may be necessary and appropriate including costs of this action.

   Respectfully submitted this 23rd day of September, 2015.

| ADDRESS: | M. PATRICIA SMITH |
|---|---|
| | Solicitor of Labor |
| Office of the Solicitor | |
| U. S. Department of Labor | STANLEY E. KEEN |
| 61 Forsyth Street, S.W. | Regional Solicitor |
| Room 7T10 | |
| Atlanta, GA  30303 | ROBERT L. WALTER |
| | Counsel |
| Telephone: | Georgia Bar No. 735410 |
|  (404) 302-5489 | |
|  (404) 302-5438 (FAX) | BY:*/s/ Kristin R. Murphy* |
| Email: |  KRISTIN R. MURPHY |
| murphy.kristin.r@dol.gov |  Attorney |
| ATL.FEDCOURT@dol.gov |  Georgia Bar No. 318556 |
| | |
| | U.S. Department of Labor |
| | Attorneys for Plaintiff. |

SOL Case No. 14-00772