# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ<br>Secretary of Labor,<br>United States Department of Labor<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANTICO FOODS, LLC and<br>GIOVANNI DIPALMA,<br><br>　　　　Defendants | CIVIL ACTION FILE NO. 1:15-cv-03334 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Antico Foods, LLC and Giovanni Dipalma ("Antico" or "Defendants") hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") as follows:

Plaintiff's introductory Paragraph does not contain any factual allegations to which Defendants are required to respond. To the extent that Paragraph contains any allegations requiring a response from Defendants, those allegations are denied.

　　I.　　Defendants admit that this Court has jurisdiction over this action.

　　II.A.　　Defendants admit the allegations in Paragraph II.A. of the Complaint.

　　II.B.　　Defendants admit that Defendant Giovanni Dipalma is the Owner of Antico Foods, LLC. The remaining allegations contained in Paragraph II.B of the Complaint contain

legal conclusions to which no response is required.  To the extent that Paragraph II.B contains any allegations requiring a response from Defendants, those allegations are denied.

III.A.   The allegations contained in Paragraph III.A of the Complaint contain legal conclusions to which no response is required.  To the extent that Paragraph III.A contains any allegations requiring a response from Defendants, those allegations are denied.

III.B.   Defendants admit that Antico Foods LLC's annual gross volume of sales made or business done exceeds $500,000.  The remaining allegations contained in Paragraph III.B of the Complaint contain legal conclusions to which no response is required.  To the extent that the remaining portion of Paragraph III.B contains any allegations requiring a response from Defendants, Defendants those allegations are denied.

IV.   Defendants deny the allegations contained in Paragraph V of the Complaint.

V.   Defendants deny the allegations contained in Paragraph VI of the Complaint.

VI.   Defendants deny the allegations contained in Paragraph VII of the Complaint.

VII.   Defendants deny all allegations set forth in the "WHEREFORE" paragraphs of Plaintiffs' Complaint, including all subparagraphs thereof, and deny that Plaintiff is entitled to any of the relief requested in Paragraph VIII or its subparagraphs.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to the specifically enumerated allegations of the Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim for which relief can be granted, or upon which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's own "unclean hands."

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of de minimis non curet lex.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which the employees were engaged in activities which were preliminary or postliminary to their principal activities.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo,* that the employees at issue are entitled to additional compensation, Defendants have not willfully or intentionally failed to pay any such additional compensation to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be reduced, in whole or part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA based on, among other

things, amounts that Defendants paid the employees at issue in premium compensation beyond that required by applicable law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief are barred because Plaintiff has adequate remedies at law.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional defenses that may arise as discovery progresses or otherwise in the course of litigation.

WHEREFORE, having fully answered and asserted their affirmative defenses, Defendants prays that Plaintiff's Complaint be fully and finally dismissed with prejudice, at Plaintiff's cost, and that the Court grant Defendants such other and further relief as is just and equitable.

Dated: September 24, 2015

/s/ *Nathan D. Chapman*
Nathan D. Chapman
Georgia Bar No. 244954
WARGO & FRENCH LLP
999 Peachtree Street NE
26th Floor
Atlanta, GA 30309
Phone: (404) 853-1500
Fax: (404) 853-1501
nchapman@wargofrench.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Answer and Affirmative Defenses was filed via the Court's CM/ECF electronic filing system, on September 24, 2015, which shall serve copies of the filing upon:

M. Patricia Smith
Stanley E. Keen
Robert L. Walter
Kristin R. Murphy
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
murphy.kristin.r@dol.gov
ATL.FEDCOURT@dol.gov

BY:  Nathan D. Chapman