UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT<br>OF LABOR,<br><br>        Plaintiff,<br><br>   v.<br><br>ANTICO FOODS, LLC and<br>GIOVANNI DIPALMA,<br><br>        Defendants. | ) CASE NO. 1:15-cv-03334-TCB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **CONSENT JUDGMENT** |

This Consent Judgment resolves a civil action filed in this Court by Thomas E. Perez, Secretary of Labor, U.S. Department of Labor (hereinafter "the Secretary") to enforce the provisions of Section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), 29 U.S.C. § 215(a)(3), against Defendants Antico Foods, LLC and Giovanni DiPalma (hereinafter "Defendants").

On July 9, 2014, Wage and Hour's Atlanta District Office initiated an investigation of Gio's Chicken Amalfitano located at 1099 Hemphill Avenue, NW, Atlanta, Georgia 30318 to determine whether Defendants were in compliance with the FLSA. Gio's Chicken Amalfitano is part of one enterprise owned and operated

by Defendants. Antico Foods, LLC (hereinafter "the Company") is comprised of five adjoining businesses (hereinafter "the worksite"): Gio's Chicken Amalfitano, Antico's Pizza Napoletana, Bottega Luisa, Caffe Gio, and Bar Amalfi. Employees work interchangeably among these five establishments. During the investigation, employees alleged that Defendants have intimidated, terminated, and threatened to terminate employees of the Company and threatened to call immigration authorities concerning employees believed to have cooperated in the Secretary's investigation.

On September 30, 2014, the Secretary filed an application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. [DN 2]. On October 3, 2014, Defendants filed their Opposition to Petitioner's Application for a Temporary Restraining Order and Order for Defendants to Show Cause Why a Preliminary Injunction Should Not Issue and a supplement thereto on October 6, 2013 denying the allegations made by the Secretary. [DN 8, 10]. On October 6, 2014, the parties appeared before the Court for a hearing on the matter. In order to resolve the issues before the Court, the parties agreed to the entry of a Consent Order dated October 6, 2014. [DN 13].

The Secretary investigated the allegations and has determined that Defendants have violated Section 15(a)(3) of the FLSA. Defendants dispute this

2

determination. In order to resolve the issues before the Court, the parties agree to the entry of the following Consent Order:

## Jurisdiction and Venue

A. This Court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217 (injunction proceedings), and by 28 U.S.C. § 1345 (proceedings commenced by the United States.

B. The Secretary has the authority to initiate legal proceedings to enforce Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

C. This Court is the most appropriate venue for any enforcement action which may be required as a result of this Consent Judgment because the alleged violations occurred at Defendants' worksite in Atlanta, Georgia, within the jurisdiction of this Court.

In consideration of mutual promises and undertakings hereinafter contained, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby AGREE to be legally bound by the terms of this Consent Judgment and the Court expressly APPROVES, ENTERS, and ORDERS that:

1. For a period of five (5) years from the date this Consent Judgment is entered, Defendants ANTICO FOODS, LLC and GIOVANNI DIPALMA are enjoined from:

3

a. terminating or threatening to terminate,

b. causing any employee to be deported or threatening to cause any employee to be deported;

c. threatening or intimidating in any other manner;

d. or retaliating or discriminating in any way .

against current and/or former employees of Antico Foods, LLC based on Defendants' belief that: an employee spoke with or intends to speak with a Department of Labor Wage and Hour investigator; filed a complaint with the Department of Labor; cooperated or intends to cooperate in any way in Department of Labor investigations; complained to Defendants or any of their representative, agents, or assigns about what the employee believes is a violation of the FLSA; or otherwise exercised any right under the FLSA.

2. For a period of five (5) years from the date this Consent Judgment is entered, Defendants ANTICO FOODS, LLC and GIOVANNI DIPALMA are enjoined from telling anyone who works for them to not speak to representatives of the Secretary or to provide false information to the Secretary or otherwise coerce employees to make false statements to any person regarding the terms and conditions of employment.

3. If, within five (5) years from the date this Consent Judgment is entered, either Defendant violates any of the terms of the injunction set forth in

paragraphs 1 or 2, the injunctive provisions of paragraphs 1 and 2 shall become permanent. Such permanent injunction would not limit any relief or cause of action otherwise available as a result of any conduct violating the provisions of paragraphs 1 and 2.

4. Defendants represent that their employment practices are currently in compliance with all applicable provisions of the Act. If the representation is determined to be false and the Employers are found in violation of the Act for issues arising after February 5, 2015, additional back wages and liquidated damages for the period after February 5, 2015 may be owed, and other remedies may be required.

5. Defendants shall pay $164,722.85 in back wages and $164,722.85 in liquidated damages for the period February 5, 2013 through February 5, 2015. The liquidated damages payment shall be made on or before thirty (30) days after the Court enters the consent judgment. The back wages payment shall be made on or before sixty (60) days after the Court enters the consent judgment. These amounts will be paid to the 56 employees, as set forth in Exhibit A, which is attached hereto and made part hereof, showing the name of each employee and listing on the same line the gross back wage amount to be paid to the employee, liquidated damages to be paid to the employee, and the time period covered by this Consent Judgement. The provisions of this Consent Judgment shall not in any way affect any legal right

of any individual not named in Exhibit A or of any individual named in Exhibit A with respect to any violations alleged to have occurred outside the period indicated in Exhibit A next to that individual's name. To comply with the provisions of the preceding paragraph, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Atlanta District Office, 61 Forsyth Street SW, Room 7M10, Atlanta, GA 30303, a certified check payable to "Wage and Hour Division, U.S. Department of Labor" in the total amount of the liquidated damages being paid to the employees as set forth in Exhibit A on or before thirty days after the Court enters the consent judgment. A second check in the total amount of the back wages being paid to the employee as indicated next to his or her name on Exhibit A, less required legal deductions from back wages for the employee's share of social security, Federal income tax and State income tax will be delivered on or before sixty (60) days after the Court enters the consent judgment. The deductions from the amounts indicated for each employee for social security, Federal income tax and State income tax shall be paid by Antico Foods LLC to the appropriate Federal and State revenue authorities and appropriate proof of such payments shall be furnished to the Secretary by Defendants.

6. Defendants shall provide training on Section 15(a)(3) of the FLSA, to all current supervisory employees and all employees who participate in making personnel decisions, including, but not limited to, disciplinary actions, the transfer

6

and/or termination of employees at the worksite. Defendants shall provide the training within ninety (90) days of the effective date of this Consent Judgment. Attendance logs reflecting the date(s) of the training, content of the training, and the names of all training attendees, along with the attendees' job titles shall be maintained by Defendants. No later than thirty (30) days after the completion of the training, Defendants shall send a copy of the attendance logs and training materials to the following:

> Eric Williams
> District Director
> U.S. Department of Labor
> Wage and Hour Division
> Atlanta District Office
> 61 Forsyth Street SW, Room 7M10
> Atlanta, GA 30303

7. Defendants shall immediately post the FLSA Poster, in both English and Spanish (both of which are available on the Wage Hour Division's website), in a conspicuous place at its main office location where notices to employees are customarily posted, and will maintain this posting permanently.

8. Defendants expressly waive any and all claims that they have or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution and maintenance of this civil action or any other proceeding and investigation incident thereto.

9. Defendants aver that that they have entered into this Consent Judgment knowingly and voluntarily.

10. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11. Enforcement proceedings for violations of this Consent Judgment may be initiated at any time upon filing with this Court a motion for an order of enforcement and sanctions.

12. Failure by the parties to enforce this Consent Judgment in its entirety or any of its provisions shall not be construed as a waiver of their right to enforce other provisions of the Consent Judgment.

13. If any term of this Consent Judgment is determined by any court to be unenforceable, the other terms of this Consent Judgment shall nonetheless remain in full force and effect.

14. This Consent Judgment does not bind any other federal agency from initiating proceedings against Defendants

15. This Consent Judgment expressly resolves any and all claims and allegations that the Secretary has, may have, or had against Defendants, or any of their affiliates, officers, agents, employees, or representatives that arose at any time

up to the date this Consent Judgment is entered by the Court under sections 7, 11, and 15a3 of the FLSA.

16. The parties acknowledge and agree that this Consent Judgment and the parties' respective signatures on this Consent Judgment are not and shall not be construed as an admission or acknowledgement of any liability, fault or wrongdoing of any kind whatsoever on the part of Defendants.

ANTICO FOODS, LLC

By: *[signature]*
GIOVANNI DIPALMA
Managing Partner

DATE: 9/14/15

GIOVANNI DIPALMA

By: *[signature]*
Giovanni DiPalma
Individual

DATE: 9/14/15

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel
Georgia Bar No. 735410

By: *[signature]*
KRISTIN R. MURPHY
Office of the Solicitor
Georgia Bar No. 318556
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303
(678) 237-0613
Murphy.kristin.r@dol.gov
ATL.FEDCOURT@dol.gov

Attorneys for Plaintiff

DATE: 9/15/15

Approved by Counsel for Defendants:

WARGO & FRENCH LLP

_____
Nathan D. Chapman
Georgia Bar No. 244954
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Tel: (404) 853-1535
nchapman@wargofrench.com


SOL Case No. 14-00772